IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:15-CV-3556-M (BH) |
| | § | |
| ALFREDO VILLANUEVA, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to the standing order of reference dated January 4, 2016 (doc. 8), this case has been referred for pretrial management. Before the Court is the *Motion to Dismiss*, filed December 31, 2015 (doc. 6). Based on the relevant filings and applicable law, the motion to dismiss should be **DENIED**.

**I. BACKGROUND**

On November 3, 2015, the United States of America (Plaintiff) sued Alfredo Villanueva (Defendant) to collect on defaulted student loans that he received under the Federal Family Education Loan Program (FFELP), which was established under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. § 1071 *et seq*. (doc. 1 at 1.)[1]

On July 8, 1991, Defendant executed a promissory note with Citibank for a $2,625 student loan. (*Id.* at 5.) Under the terms of the promissory note, Defendant agreed to an interest rate of 8% per annum. (*Id.*) On July 14, 1992, he executed a second promissory note through Citibank Student Loans for $2,625 with an interest rate of 8% per annum. (*Id.* at 8.) On June 18, 1994, Defendant

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

executed a third promissory note through Citibank Student Loans for $5,500 with a variable interest rate. (*Id.* at 10.) The three loans were guaranteed by United States Aid Funds, Inc. (USA Funds), and then reinsured by the United States Department of Education (DOE) under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 *et seq*. (*Id.* at 7, 13.)

Defendant defaulted on the three loans on November 14, 1996, and Citibank and Citibank Student Loans (collectively Citibank) filed claims on the loan guarantees with USA Funds. (*Id.*) USA Funds paid claims on the three loans in the amount of $11,658.04 to Citibank, and USA Funds was reimbursed by DOE under the reinsurance agreement. (*Id.*) Once USA Funds paid the claims, the entire amount paid became due as principle. (*Id.*) USA Funds attempted but was unable to collect the full amount from Defendant. (*Id.*) On September 19, 2007, the right and title to the loans were assigned to DOE, so the United States now owns the debt. (*Id.* at 3, 7, 13.) Since assignment, DOE has credited $3,408 in payments from various sources, including Treasury Department offsets. (*Id.*) As of July 23, 2015, Defendant owed $18,276.06 on the three loans, including $11,657.74 in principle and $6,618.32 in interest. (*Id.*)

On December 31, 2015, Defendant filed a joint answer and motion to dismiss. (doc. 6.) Plaintiff filed a response, and Defendant filed a reply.[2] (docs. 10, 11.)

## II. RULE 12(b)(6) STANDARD

Defendant moves to dismiss this case pursuant to Rule 12(b)(6).[3] (doc. 6.)

---

[2] Defendant identified this filing as a response, but it is properly construed as his reply. (*See* doc. 11.)

[3] Defendant does not specify a ground for his motion to dismiss. (*See* doc. 6.) Plaintiff characterized it as a Rule 12(b)(6) motion in its response, and Defendant did not object to this characterization in his reply. (*See* docs. 10, 11.)

2

Rule 12(b)(6) allows motions to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Under the 12(b)(6) standard, a court cannot look beyond the face of the pleadings. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *see also Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). Pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted). Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (citations omitted). When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570;

*accord Iqbal*, 556 U.S. at 678 (noting that "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense").

As noted, a court cannot look beyond the pleadings in deciding a 12(b)(6) motion. *Spivey*, 197 F.3d at 774; *Baker*, 75 F.3d at 196. When a party presents "matters outside the pleadings" with a Rule 12(b)(6) motion to dismiss, the Court has "complete discretion" to either accept or exclude the evidence for purposes of determining the motion. *Isquith ex rel. Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 196 n.3 (5th Cir. 1988); *accord Gen. Retail Servs., Inc. v. Wireless Toyz Franchise, LLC*, 255 F. App'x 775, 783 (5th Cir. 2007). "If . . . matters outside the pleading[s] are presented to and not excluded by the court," however, "the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

"Pleadings" for purposes of a Rule 12(b)(6) motion include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Documents "attache[d] to a motion to dismiss are [also] considered part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim[s]." *Collins*, 224 F.3d at 499 (quotations omitted); *accord Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 725 (5th Cir. 2003). Lastly, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994).

Here, Plaintiff has attached to the complaint copies of what it claims are the promissory notes. Because these documents are attached to the complaint, they are considered part of the

4

pleadings. *See In re Katrina Canal Breaches*, 495 F.3d at 205. Defendant does not rely on any matters outside of the pleadings in support of his motion to dismiss.

### III. RECOVERY OF STUDENT LOAN DEBT

Defendant moves to dismiss Plaintiff's claim for recovery on promissory notes for defaulted student loan debt. (doc. 6 at 1.)

**A.  Claim for promissory notes**

Defendant claims that Plaintiff's recovery claim should be dismissed because the documents attached to the complaint are "incomplete, incorrect, and/or untrue, and by the plaintiff's own admission, 'illegible'", he never received a higher level degree from any institution, and no alternative settlement of any kind has been proposed. (doc. 6 at 1.)

A note is "[a] written promise by one party (the *maker*) to pay money to another party (the *payee*) or to bearer." *Note*, BLACK'S LAW DICTIONARY (10th ed. 2014) (emphasis in original); *see United States v. Durbin*, 64 F. Supp. 2d. 635, 636 (S.D. Tex. 1999) (discussing nature and history of promissory notes). To recover on a promissory note, the United States must show that (1) a defendant signed the note; (2) the government is the current owner or holder of the note; and (3) the note is in default. *United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001); *FDIC v. Selaiden Builders, Inc.*, 973 F.2d 1249, 1254 (5th Cir. 1993).

Here, Plaintiff has alleged that Defendant signed the three promissory notes on July 8, 1991; July 14, 1992; and June 18, 1994. (doc. 1 at 2, 5, 8, 10.) It has alleged that DOE is the current owner of the notes and that the loans are in default. (*Id.* at 2-3, 7, 13.) A court must accept a plaintiff's well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196. Accepting these facts as true for the purposes of Rule 12(b)(6), Plaintiff has

sufficiently pleaded a claim for recovery on a promissory note.

Because the Plaintiff has complied with the pleading requirements for its claim for recovery on the promissory notes, the illegibility of the notes attached to the complaint does not provide a basis for dismissal. *See United States v. Florestal*, No. 11-24573-CIV, 2012 WL 280734, *1-2 (S.D. Fla. Jan. 31, 2012). Moreover, Plaintiff's name is visible on the three promissory notes, and the certificates of indebtedness from DOE are fully legible. *See id.* (denying a motion to dismiss on the same grounds). Additionally, receipt of a degree is not a prerequisite to recovery on a promissory note for a student loan. *See In re Brightful*, 267 F.3d 324, 331 (3d Cir. 2001) (noting that failure to obtain degree did not excuse bankruptcy debtor from meeting her student loan obligations); *In re Blake*, 377 B.R. 502, 509 (E.D. Tex. 2007) (same) (citing *In re Brightfu*l); *Jones v. Bank One Texas*, 376 B.R. 130, 138 (W.D. Tex. 207) (same). Nor is an offer of a settlement a prerequisite to recovery on a promissory note. *See Lawrence*, 276 F.3d at 197. Defendant's motion to dismiss the complaint on these grounds should be denied.

**B.    Statute of Limitations**

Defendant also moves to dismiss Plaintiff's claim on grounds that the statute of limitations for this action has expired. (doc. 6 at 1.) Although the statute of limitations is an affirmative defense, a defendant may move for dismissal under Rule 12(b)(6) if the facts giving rise to this defense "appear[] on the face of the complaint." *Simmons v. Local 565 Air Transp. Div. Transp. Workers Union of Am. AFL-CIO*, No. 3:09-CV-1181-B, 2010 WL 2473840, at *4 (N.D. Tex. June 16, 2010) (citing *Kansa Reinsurance Co. v. Cong. Mortgage Corp. of Texas*, 20 F.3d 1362, 1366 (5th Cir. 1994)).

Congress eliminated the affirmative defenses of limitations in student loan collection cases.

6

20 U.S.C. § 1091a(a)(2); *Lawrence*, 276 F.3d at 196 ("We . . . conclude that § 1091a eliminates all limitations defenses for collection of student debts."). Accordingly, Plaintiff is not barred from bringing this claim as a matter of law, and Defendant's motion to dismiss on this ground should be denied.

### IV. RECOMMENDATION

Defendant's Rule 12(b)(6) motion should be **DENIED**.

**SO RECOMMENDED** on this 26th day of May, 2016.

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. See Douglass v. United Servs. Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE