IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:15-CV-3556-M (BH) |
| | § | |
| ALFREDO VILLANUEVA, | § | |
| | § | |
| | § | |
| Defendant. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to the standing order of reference dated January 4, 2016 (doc. 8), this case has been referred for pretrial management. Before the Court is *United States of America's Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56*, filed October 4, 2016 (doc. 21). Based on the relevant filings and applicable law, the motion for summary judgment should be **GRANTED**.

## I. BACKGROUND

On November 3, 2015, the United States of America (Plaintiff) sued Alfredo Villanueva (Defendant) to collect on defaulted student loans that he received under the Federal Family Education Loan Program (FFELP), which was established under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. § 1071 *et seq.* (doc. 1 at 1.)[1]

On July 8, 1991, Defendant executed a promissory note with Citibank for a $2,625 student loan. (doc. 23 at 3, 23.) Under the terms of the promissory note, Defendant agreed to an interest rate of 8% per annum. (*Id.* at 3, 6, 23) He executed a second promissory note through Citibank Student Loans for $2,625 on July 14, 1992, and a third for $5,500 on June 18, 1994, both with

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

variable interest rates.[2]  (*Id.* at 4-6, 26, 28.)  The three loans were guaranteed by United States Aid Funds, Inc. (USA Funds), and then reinsured by the United States Department of Education (DOE) under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 *et seq*. (*Id.* at 3-6.)

Defendant defaulted on the three loans on November 14, 1996, and Citibank and Citibank Student Loans (collectively Citibank) filed claims on the loan guarantees with USA Funds.  (*Id.* at 3-4.)  USA Funds paid claims on the three loans to Citibank in the amount of $11,658.04, and USA Funds was reimbursed by DOE under the reinsurance agreement.  (*Id.*)  Once USA Funds paid the claims, the entire amount paid became due as principle.  (*Id.*)  USA Funds attempted but was unable to collect the full amount from Defendant.  (*Id.*)  On September 19, 2007, the right and title to the loans were assigned to DOE, so the United States now owns the debt.  (*Id.*)  Since assignment, DOE has credited $3,408 in payments from various sources, including Treasury Department offsets, to Defendant's loan balance.  (*Id.*)  As of June 30, 2016, Defendant owed $18,745.97 on the three loans with daily interest of $1.45 subsequently accruing for all three loans.  (*Id.* at 5-6.)

On December 31, 2015, Defendant filed an answer and motion to dismiss.  (doc. 6.)  The motion to dismiss was denied on June 20, 2016.  (docs. 12, 17.)  Plaintiff moved for summary judgment on October 4, 2016.  (docs. 21-23.)  Defendant did not respond, and the motion is now ripe for recommendation.

---

[2] The certificate of indebtedness for the two Citibank Student Loans and Plaintiff's attorney's declaration both aver that the July 14, 1992 loan was a variable interest rate.  (*See* doc. 23 at 4-6.)  The promissory note submitted by Plaintiff shows an 8% interest rate, however.  (*Id.* at 26.)  Plaintiff specifically cites to the certificate of indebtedness and declaration in its motion for summary judgment and relies on them to calculate the requested judgment amount on the lower variable interest rate, so the lower rate appears applicable.

## II.  SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  "[T]he substantive law will identify which facts are material."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Id.* Typically, a movant makes a showing that there is no genuine issue of material fact by informing the court of the basis of its motion and by identifying the portions of the record that reveal there are no genuine material fact issues.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  In cases where "the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor."  *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis in original).  This is a "heavy" burden for the movant. *Copeland v. D&J Constr. LLC*, No. 3:13-CV-4432-N-BH, 2016 WL 1212128, at *2 (N.D. Tex. Feb. 16, 2016), *adopted by* 2016 WL 1182620 (N.D. Tex. Mar. 28, 2016).

Once the movant makes this showing, the non-movant must then direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Celotex Corp.*, 477 U.S. at 324.  To carry this burden, the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts."  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  The non-movant must show that the evidence is sufficient to support a resolution of the factual issue in his favor.  *Anderson*, 477 U.S. at 249.

While all of the evidence must be viewed in a light most favorable to the motion's opponent,

3

*Id.* at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)), neither conclusory allegations nor unsubstantiated assertions satisfy the non-movant's summary judgment burden, *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). "The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim." *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). "The parties may satisfy their respective burdens by 'citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials.'" *Rooters v. State Farm Lloyds*, 428 F. App'x 441, 445 (5th Cir. 2011) (per curiam) (citing Fed. R. Civ. P. 56(c)(1)).[3]

Where, as here, the nonmovant fails to respond to the motion for summary judgment, such failure does not allow the court to enter a default summary judgment. *Hibernia Nat'l Bank v. Admin. Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985) (citing *John v. La. (Bd. of Trs. for State Colls. & Univs.)*, 757 F.2d 698, 709 (5th Cir. 1985)). "A summary judgment nonmovant who does not respond to the motion is relegated to [his] unsworn pleadings, which do not constitute summary judgment evidence," however. *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (citing *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991)). In addition, when a nonmovant fails to respond to a motion for summary judgment, a district court may "accept

---

[3] Although courts generally liberally construe the pleadings of a *pro se* plaintiff, *see Haines v. Kerner*, 404 U.S. 519 (1972) (per curiam), Rule 56 imposes no obligation "to sift through the record in search of evidence to support a party's opposition to summary judgment," *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 164 (5th Cir. 2006) (quoting *Ragas*, 136 F.3d at 458). Parties must "identify specific evidence in the record" supporting challenged claims and "articulate the precise manner in which that evidence supports [those] claim[s]." *Ragas*, 136 F.3d at 458 (citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994)). The responding party's burden is not abandoned in *pro se* cases. *See Bookman v. Shubzda*, 945 F. Supp. 999, 1005 (N.D. Tex. 1996) ("It is not unjustifiably onerous to require *pro se* parties to respond to proper motions for summary judgment. All summary judgment nonmovants shoulder the same obligation.").

as undisputed the movant's version of the facts and grant [the motion if] the movant has made a *prima facie* showing of entitlement to summary judgment." *Hernandez v. Wells Fargo Bank, N.A.*, No. 3:12-CV-5143-N, 2013 WL 12100742, at *1 (N.D. Tex. Nov. 6, 2013) (quoting *Laufer Grp. Int'l, Ltd. v. RGL-Roam Enters.*, No. H-08-1083, 2009 WL 995674, at *4 (S.D. Tex Apr. 14, 2009)).

### III. RECOVERY OF STUDENT LOAN DEBT

Plaintiff moves for summary judgment on its claim for recovery on three promissory notes. (doc. 22 at 4.)

Lawsuits involving promissory notes are particularly suited for disposition by summary judgment. *See NCNB Texas Nat'l Bank v. Johnson*, 11 F.3d 1260, 1264 (5th Cir. 1994); *United States v. Brown*, No. 4:00-CV-1458-E, 2001 WL 804060, at *2 (N.D. Tex. July 5, 2001). To recover on a promissory note, the government must show that (1) a defendant signed the note; (2) the government is the current owner or holder of the note; and (3) the note is in default. *United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001) (citing *F.D.I.C. v. Selaiden Builders, Inc.*, 973 F.2d 1249, 1254 (5th Cir. 1993)).

Plaintiff first contends that Defendant executed the promissory notes. (doc. 22 at 4.) To meet its initial summary judgment burden on this issue, it proffers copies of the three promissory notes bearing Defendant's signature, and DOE's certificates of indebtedness. (docs. 22 at 4; 23 at 23, 26, 28.) Plaintiff's uncontested evidence is sufficient to show that Defendant executed the three promissory notes. *See United States v. Reed*, No. 3:12-CV-4254-BH, 2014 WL 462620, at *3 (N.D. Tex. Feb. 5, 2014) (relying on the promissory note and the DOE's certificate of indebtedness to meet the government's initial burden to show a *prima facie* case).

Plaintiff next contends that it is the current holder of the three promissory notes. (doc. 22

5

at 5.)  It points to the two certificates of indebtedness from DOE,[4] which were certified under penalty of perjury.[5]  (*Id.*)  The certificates explain how Plaintiff was assigned right and title to the three loans on September 19, 2007, through USA Funds' guarantee of the loan obligations and reinsurance by DOE under a loan guaranty program.  (doc. 23 at 3-4.)  Plaintiff's uncontested evidence is sufficient to show that it is the current holder of the three promissory notes.  *See F.D.I.C. v. McCrary*, 977 F.2d 192, 194 (5th Cir. 1992) (noting that the affidavit of a custodian of records is sufficient proof, unless the defendant points to evidence in the record supporting a legitimate fear that the plaintiff is not the owner and holder of the note, and that some other party will later appear and demand payment); *see, e.g., Sanders*, 2002 WL 83762, at *1 (relying on certificates of indebtedness to show that the plaintiff was the present holder of the promissory notes); *Reed*, 2014 WL 462620, at *3 (same).

Plaintiff also contends that the promissory notes are in default.  (doc. 22 at 5.)  It points to the two certificates of indebtedness, which show that Defendant defaulted on the promissory notes on November 14, 1996, that USA Funds unsuccessfully attempted to collect the debt from him, and that DOE made offsets from other sources, including the Treasury Department, but that Defendant still has an outstanding balance.  (doc. 23 at 3-4.)  Plaintiff's uncontested evidence is sufficient to show that Defendant defaulted on the promissory notes and owes $18,745.97 with daily interest of $1.45 accruing after June 30, 2016.  *See, e.g., Reed*, 2014 WL 462620, at *3 (relying on certificates

---

[4] At least one federal courts in this district has recently found that "[a] Certificate of Indebtedness is competent summary judgment evidence" and that "[w]hen unchallenged, a court may rely on such a certificate to enter judgment." *United States v. Budd*, No. 3:14-CV-1501-B, 2016 WL 4771467, at *2 n.1 (N.D. Tex. Feb. 29, 2016) (citing *United States v. Lawrence*, 276 F.3d 193, 196 (5th Cir. 2001); *United States v. Chapa*, No. C-07-005, 2007 WL 4198387, at *1 (S.D. Tex. Nov. 23, 2007)).

[5] The two certificates of indebtedness were certified pursuant to 28 U.S.C. § 1746(d)(2), a criminal statute penalizing perjury.  (doc. 23 at 3-4.)

of indebtedness to show that promissory notes were in default).

Accordingly, Plaintiff has established its *prima facie* case to recover on the three notes and has properly discharged its initial summary judgment burden on each element. *See Lawrence*, 276 F.3d at 197; *see also Reed*, 2014 WL 462620, at *3. The burden now shifts to Defendant to identify evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *See Lawrence*, 276 F.3d at 197. Defendant did not respond to Plaintiff's motion for summary judgment, however. As noted, parties must "identify *specific evidence* in the record" supporting challenged claims and "articulate the *precise manner* in which that evidence supports [those] claim[s]." *Ragas*, 136 F.3d at 458 (emphasis added) (citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994)). Because Defendant has neither identified specific evidence in the record nor articulated the precise manner in which it supports his claims, he has not brought forward sufficient evidence to create a genuine fact issue of material fact. *See Anderson*, 477 U.S. at 249; *Celotex*, 477 U.S. at 324. Plaintiff's motion for summary judgment should therefore be **GRANTED**.

## IV. RECOMMENDATION

Plaintiff's motion for summary judgment should be **GRANTED**, and it should be awarded a judgment for $18,745.97 plus daily pre-judgment interest accruing after June 30, 2016, at a rate of $1.45 per day through the date of judgment, and post-judgment interest at the legal rate per annum and compounded annually from the date of judgment until paid.[6] Plaintiff should also recover costs.

---

[6] Post-judgment interest is calculated using the weekly average one-year constant maturity (nominal) Treasury yield, as published by the Federal Reserve System for the calendar week preceding. 28 U.S.C. § 1961. The 1-year rate for the week ending March 31, 2017 (and thus effective April 3, 2017 to April 9, 2017) is 1.03%.

**SO RECOMMENDED** on this 6th day of April, 2017.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

8